Does the three-year statute of repose contained in 15 U.S.C. 1635F require that the borrower notify the lender of its cancellation of the loan as the plain meaning of 1635A sets forth, or does it require that the borrower file an action within the three years? If I can interrupt you for a second, do these tolling letters have anything to do with the resolution of this appeal? I do not believe it does, Your Honor. Okay. The judge did not, in his order dismissing this case, look to that issue at all. On top of that, this was a motion to dismiss, which means we're limited to what was in the first amended complaint. The first amended complaint in paragraph 23 sets forth the plaintiff's contention that it is tolled. Therefore, absent anything else, we're limited to that so that it was tolled, the one-year statute. The one-year statute was tolled? Correct. My understanding was that the tolling letters, the first tolling letter postdated the one-year statute, the very first tolling letter. The very first tolling letter was written on February 23rd. It is a memorization of an agreement between counsel for the bank and myself tolling the agreement. We had been working on verbal tolling for many, many months prior to that. It's not in the record at all, but what was going on was that we had many loans that were being rescinded with Countrywide. And the attorney for Countrywide and I came to an agreement where we would take them one by one and we would toll all the rest of them. Because at this moment, Countrywide wasn't even certain it could stay in existence and everything was melting down. And so we had agreed that we would toll the one-year statute. But that's not in the record. That's correct. That's not in the record. And that's why I agree that it is not at issue. So we should ignore tolling and just decide whether the right is extinguished after three years. Whether or not giving notification is enough to extinguish, essentially not extinguish the right. It is my contention that the three-year statute becomes irrelevant once the lender, the borrower, gives notice to the lender within the three years. I'm sorry. It's your position that once that notice of rescission is made, there's no limit on when the action can be filed? No. I believe that there is then a one-year limit if they fail to effectuate the rescission. Okay. So you do think there is a statute. In your view, it's one year and 20 days or whatever it is from the date of the notice of rescission. No. It is, it starts to run from the, as you said in Miguel, it starts to run upon the denial by the lender. Oh. So if they never deny rescission and they never, if they never answer, let's say you send a notice of cancellation and the lender says nothing, then I would contend that it's Ten years later you can file. No. Then it's one year and 21 days. Because they have 20 days in order to respond. If they fail to respond within the 20 days, then you have a year after that date. Okay. And did your client file within that period of time? No. It did not. Your client did not file within that one year and 20 day period of time. That's correct. And did not file within the three-year period of time. That's correct. Because we had a tolling agreement. We had an agreement to toll the statute of limitations with the lender. Well, now we go back again. The tolling does have something to do with this case. Well, if this was a motion for summary judgment where evidence had been brought forth, then I would say yes. But what we have here is a motion to dismiss. We filed a first amended complaint that set forth our allegations, and we allege that we have tolling agreements that cover the one year. I guess we'll take you at your word. The only thing we have really is whether the notice of rescission or attempted rescission does anything to the three years. You mentioned the McGill case. If I could just, if this Court is interested in the tolling agreements, we've supplemented the record and provided this Court with those. Right. We have them. Now, you mentioned the McGill case. Let me read you some language from the McGill case. Okay. You keep in mind that this three-judge panel is bound by the concept of law of the circuit. Yes. McGill says, Isn't that the end of your case? I don't believe it is. I think when you read further in the McGill, the Court states, and I'll quote here, McGill argues that she should have been allotted an additional year in which to file the suit after the expiration of the three-year period afforded by statute. While McGill is correct that 15 year, 15 U.S.C. 1640E provides that, you know what, I'm actually, I am. I'm actually reading from, I don't know what I'm reading from, actually. There you go. So how do you get around the language which I just stated to you? Okay. I'm sorry. What I did was I confused myself because the Court in McGill is referring to McGill the plaintiff. And so I literally confused myself. I'd like to start again if you wouldn't mind. I'd like to read from the Court in McGill. And then at the end it says, Therefore, 1635F is a statute of repose depriving the courts of subject matter jurisdiction when the section 1635 claim is brought outside the three-year limitation period. And I think that's pretty clear. It's very clear as long as this notice is not given to the lender. 1635A. I didn't say that. This may be dicta. This may not be a holding of the Court. Well, this is what the Court. But it doesn't make any difference. The Court states that the plaintiff in McGill. In McGill the notice was not given within the three-year period. That is correct. In your case it was. That is correct. That is a different fact. It is a different fact. And that may make what the Court said in McGill regarding 1635 as an absolute limitation on rescission actions dicta, not a holding. Correct? If that's the case, then it would be one of first impression for this Court. No, it wouldn't be. We have all sorts of cases in the Ninth Circuit saying that for good or for ill,  I think it is well-reasoned. I think it is well-reasoned also. And therefore, it binds you, and therefore you lose. No, no, no. Well, reading from McGill, while McGill is correct that 15 U.S.C. 1640E provides the borrower one year from the refusal of the cancellation to file suit. That is what it says, but I guess my problem is that that's not what happened in this case either. Let's suppose that you could find a window in McGill for a claim of rescission being filed within a year and 20 days after the notice had been sent, regardless of three years. Let's assume that McGill says that. I think my colleagues would disagree. But that didn't happen in this case because your client didn't file even within that window. But the one-year statute. Everyone, I believe, agrees that the one year is a statute of limitations, not a statute of repose. And therefore, it can be tolled. And again, the tolling here is only oral, correct? No. Because the first tolling agreement postdates that one-year 20-day period. Yes. We have oral tolling for about four days' difference. And then we have a written tolling agreement from that place forward. It's that we obtained the written tolling agreement on February 24th. Yes, I think you're right. It was late February. But I think that the denial letter, the denial letter from Countrywide was sent on February 2nd, 08. No, that is a little bit more than a year and 20 days, correct? It is a little bit more than a year and 20 days. But there is equitable tolling, there is contractual tolling, and there was a verbal tolling agreement we had. And they probably could be they are written in other ways, i.e., we had lists that were going back and forth saying these are the loans that we are going to be rescinding from opposing counsel. But none of this was before the Court. None of it. This was a motion to dismiss. If you take a look at the judge's order that we're appealing, he never speaks to a one-year statute at all. He never speaks to the tolling agreement at all. It was purely based on that Court's belief that the three-year statute of oppose mandates the filing of an action rather than mandating the giving of a notice. And that's a conclusion that he presumably could draw from McGow. It certainly doesn't meet with my reading of neither McGow nor the Supreme Court in Beach. What's the very best case you want us to read before we decide this issue? Your very best case that says, hey, I'm right on this. You know, can I give you two? Give me two. Thank you. I mean, there's cases all over this issue. There sure are. I actually really like the well-reasoned decision in Santos v. Countrywide, which was your case. That's our case. That's a Ninth Circuit case. That's correct. The other case that I would like you to read, and it's an unpublished case, but it's an appellate court case out of the Eleventh Circuit. And it's – I'm not sure how to say it. I say Frazeal. You have a law citation of unpublished cases from the Ninth Circuit. Why can't you read unpublished cases from the Eleventh Circuit? I took a look at the information of the Federal court rules procedure, and it stated that cases that have been filed and published but noted to be unpublished but that you can obtain in – this is in the Federal Appendix 382, Federal Appendix 833, 2010 case. It's Frazeal v. EMC Mortgage. And there the Eleventh Circuit found that there is a separate violation of 1635b under 1640 one year and 20 days after the expiration. All right. And it looked at all of the other cases across the country looking at this issue. And you would agree that that one-year language from 1640 really is identifying a statute of limitations for a damages action, correct, as opposed to a rescission action? Again, I don't know that I would agree to that. I really looked carefully at 1640. And 1640 is entitled civil liability. It talks about a myriad of different issues, including damages. There's 1640a, there's 1640e. The way I have always thought about this is that when you bring an action for rescission that you have – you are still rescinding. You are trying to enforce your right that it's not under damages. And certainly McGill spoke nothing about damages. Do you want to reserve some time for rebuttal? Absolutely. Thank you. You have a minute and 30 seconds. I'll take it. May it please the Court. Under 1635a, the right to rescission is unconditional only if it's requested within writing within three days of loan signing. That's referred to as a cooling-off period or a grace period sometimes. Thereafter, the right to rescind under 1630a is conditional. It depends upon whether there's an agreement by the lender that, in fact, there has been a violation or if there's a dispute upon that being acted upon in court and a decision rendered by the court. Subsection F, which was added in 1974 in an amendment, provides a three-year time limit for the expiration of that right. It would be inaccurate to conclude that 1635f extends the right of rescission from three days to three years. It doesn't extend that right. It cuts it off. And Congress is not arguing that it extends the right from three days to three years unconditionally. I think that after three days, you have to show right to rescission. And for the first three days, you can say, I want to rescind because I'm having a bad hair day, right? Correct. Exactly. And my point is that the construction of the statute with A saying you have three years to make your claim for rescission from either the loan closing or from when you get the material disclosures, and then on the other hand, subsection F, which makes that right expire but gives a limited extension beyond three years when there's a government action, that construction indicates that subsection A has only to do with notification. It's what Yamamoto says, making a claim or advancing a claim, while subsection F creates a cutoff date of the right, and with the right, so goes the remedy. And there's been ---- So that's all there is to it, three years and you're finished, no matter what. Exactly. So what do these tolling letters accomplish then? Well, they were also possibly asserting a claim for damages, and the tolling letter doesn't say this is solely for a rescission. It doesn't say whether it's for rescission or damages. But it doesn't say it's not for rescission. Correct. It doesn't. But in effect, it also says it doesn't create a right. So there's no concession that they have still the right or that tolling even applies. So, you know, I mean, not to be flippant about this whole thing, you get to say, just kidding? No. Well, what do these things accomplish? I mean, it seems to me if what we hear is correct, and I understand a lot of this is not on the record because this was a motion to dismiss, but there was a lot of back and forth and there was oral agreement that was tolling something. Is that right? There is a tolling agreement. What was being told in your view that was talked about and then memorialized in these letters? Well, one of the things that's being told is a damages claim for failure to honor the rescission request. Did it say that? It doesn't. No. It's very broad. It's broad-based. It seems to encompass everything. It's undefined. I agree. It says all your client's alleged TILA disclosure violation claims. Right. Yes. And that is an agreement that's used, I guess, in all sorts of situations because there were many demands being made for rescission at this time. Frankly, what we have now is a complete record, and this was raised below. The borrower argued that she had one year and 20 days to file a lawsuit for rescission below because she said when you get our letter, you have 20 days, and if you don't respond then, that's the violation. So it doesn't matter whether we send it on February 2nd, the violation actually occurred around that time because they sent their letter on January 18th. So we put in a RJN below and asked the court to take judicial notice of the fact that we had a letter from July 2008, much later, that showed that that was the commencement of the tolling agreement. On appeal, the borrower has also put in her own motion to supplement the record with her reply brief and an RJN. And that RJN itself constitutes an admission that tolling could only begin on February 24th, 17 days too late, because when she moved to supplement the record, the borrower said she's supplementing the record with, quote, the entire group of tolling agreements, close quote. Again, quoting further, for the sake of clarity and accuracy of the record, close quote, arguing that the group, quote, conclusively establishes the correct date and extent of the tolling agreement. And that letter is dated February 24th. So it's 17 days too late. How does all this tolling business have to do with 1635F? Well, you could not toll 1635F. If the court follows the dicta that comes before it and concludes that it's a three-year statute of repose that requires that you file your claim or your action before three years from loan signing, there can be no tolling. You see, there's something unpleasant about looking at a letter that the bank drafted and that it presented to, you know, counsel for these borrowers, and the bank is now telling us meaningless. Oh, I'm not saying it's meaningless, Your Honor, because it would be effective to toll the statute of limitations for damages for an action under 1640E for damages for failure to honor the rescission request. And that's a powerful alternative remedy to rescission because it allows the borrower to recover actual damages twice the finance charge, attorney's fees, and cost of suit. So they're preserving that remedy with this letter. Should it have been timely? And frankly, Your Honor, there's nothing in the record to suggest that there was a prior oral agreement. There is a mere conclusory allegation in the First Amendment complaint, as counsel referred to it, a contention that there was tolling. That's a legal conclusion. There are no facts to substantiate that. We tried to substantiate it with facts below. They've come back here and said these letters are the entire agreement, and it's too late. Well, your position also is even if your opponent is right, it was still too late. Correct, Your Honor, because we previously held that, or the Court has previously held in Yamamoto, for example, that under 1635A and B, the fact that you've sent a letter doesn't effectuate rescission. It's just advancing a claim. And if it's just advancing a claim, then it can't preserve the claim. The only way you can preserve the right and the remedy is by sending your letter within three years. That, as a statute of repose, is not subject to tolling. Well, sending your letter within three years is good enough. No. I'm sorry, Dennis. Filing your action within three years. Excuse me. I got away from myself. So that's the issue with the tolling. With respect to Miguel, counsel cited Santos, and I would just point out that that's very well criticized in the Focaccia case, which is 709F2nd86, which is a northern district case from 2010 that we've cited. And I would also point out that there is a Third Circuit opinion, Williams v. Wells Fargo from January 2011 that we cited, that is exactly on all fours with this case, where the borrower had sent a letter. The letter was sent within the three-year time period, but there was a failure to file the action within three years, and the Court held that was untimely. What's your criticism of Santos, that it was overruled by a district court case? No, no. It's just there's a ---- Santos takes apart ---- excuse me, Focaccia takes apart Santos for disregarding the prior rulings of this court in Miguel, and it also looks at Beach v. Aquin, which is the Supreme Court case. And in Beach, the Court noted something responsive to arguments that have been made by the borrower. In this case, the borrower has argued that, well, the plain language of this statute, and particularly 1635F, doesn't contain the word action. But Beach reasons that, in fact, that the section doesn't refer to the word action means it's not a statute of limitations, it's a statute of repose, because statutes of limitations generally say that, it quotes, the terms of a typical statute of limitations provide that a cause of action may or must be brought within a certain period of time. So the Supreme Court reasoned that because 1635 does not set the time for bringing a lawsuit or an action, it shows that Congress intended the right to rescission, which is the foundation for a claim of rescission, should expire three years after loan signing. And I think there has been some criticism in the briefs of the applicability of Beach and Miguel, and there is some urging that the result would have differed if there had been a letter brought within three years. But, in fact, because we have a prior ruling that the letter is not self-effectuating, because there may be a disagreement and a court will have to resolve that, the letter wouldn't change the result in either Beach or Miguel. It's ineffective, other than to state there's a claim. It doesn't effectuate rescission, and, therefore, it can't preserve the claim. I want to talk for a moment about public policy that's been urged by the amicus. The central policy advanced by TILA is disclosure of the material terms of credit for comparison loan shopping. And it's not undercut by the statute of repose on rescission lawsuits. First, there's three years, which is longer than you have for damages. And in those cases where there's an actual mistake in the material disclosures under TILA, where, for example, the annual percentage rate or the APR or the amounts financed is significantly misstated, again, under 1640, the borrower can bring a claim for damages. And, as I pointed out, that's powerful because you get your actual damages, you get two times your finance charges, and you get your attorney's fees. In a sense, what we have in this case is a technical infraction. There is an allegation that the borrower received a copy of the notice to write to counsel that stated the transaction date, and the transaction date was April 14th, which is a Tuesday, in that the NRC said you have three business days. But the NRC did not say that the third business day after Tuesday, April 14th, was Friday, April 17th, 2006. You admitted that was an incomplete statement, right? That was incomplete, yes. But my point is, is not omitting a material term. And if there's a material term that's a misstatement of the interest rate or the fees, then there is a very powerful damages remedy. Why isn't the last business day a material term if the right to rescind is unconditional for three days? This particular business might have a calendar or a schedule. They may recognize some holiday that other people don't. And the borrower is entitled to know how long he or she has to file the unconditional rescission right. Because a business day is defined in the statute as every day but Saturday and certain government holidays. And they don't fall within, between April 14th. So it's not up to the lender to determine what business days are. Correct. Correct. And after a loan is funded, the right of rescission imposes on the creditor a significant risk, from losing its security interests to having to return the interest payments to having, as the plaintiff puts it, have the loan proceeds vest on the plaintiff. And the Supreme Court recognized in Beach that a statutory right of rescission could cloud a bank's title on foreclosure. So aware of that cloud, Congress chose to impose a statute of repose in 1635F, such that both the right to and the remedy of rescission expires. The one other case I'd like to point the Court to is King v. California. That case first held in the Ninth Circuit that three years is an absolute limitation on rescission actions and claims. The borrower sought rescission of her first loan and damages. This Court ruled that the rescission claim is, quote, barred by the three-year absolute limitation on rescissions actions set out in 15 U.S.C. 1635F. The Court there also ruled that under 1640E, damages accrue to consummation. So that also confirmed that 1640E is a time period for bringing actions for damages, which would include damages for failure to honor a rescission request. And it also examined in that case whether that statute should be told and further examined whether there should be a continuing violations theory. And it rejected the continuing violations theory, in part, by relying twice on its earlier ruling that the rescission claim is, quote, barred by the three-year absolute limitation on rescission actions set out in 15 U.S.C. 1635F. So we have very longstanding precedent and dicta that controls, and I would submit that the district court's judgment should be affirmed. Thank you. You have a minute and 30 seconds on rebuttal. I'd like to just bring us back to the statute 1635A, which states how does a borrower rescind. In order to exercise the right to rescind, the borrower may do so by notifying the creditor of his intentions pursuant to the regulations. The regulations at 12 CFR 236.23 states that in order to notify the lender, the consumer must place the rescission notice in the mail. This is how rescission is accomplished. Now, this Court in the ---- That effectuates rescission simply by putting it in the mail? It is the exercising of his or her right to rescind. So that effectuates rescission. This Court in Yamamoto stated that the mere act of notifying the borrower may not effectuate the rescission, but that a lender who was concerned about that should file a declaratory relief action in this Court to determine whether or not the right to rescind is valid. And that's the other point I'd like to make, Your Honors. This statute, on the three-day right to cancel, which is where we all began, if the borrower puts his notice in the mail, giving the notice in the three days, the lender has no defense to that claim. Right. None. It is effectuated by that notice. That's clear. Everybody agrees to that. But on the extended three-day right, the statute of repose, it terminates the three-day right to rescind within the three years if notification is not given. And do you have a case that says that? That's what the — that's what — what I just said is what is said in Beach in the United States Supreme Court. Yes, it is, that the statute of repose extinguishes the right to rescind within the three years. And the right to rescind — And you say the right to rescind is effectuated when the letter is dropped in the mail. Only on the three-day. On the three-year, it's notification of the — plain statute reads, and I'm reading the statute, I don't want to paraphrase, in order to exercise his or her rights. If the right is exercised, there's no earthly reason to file a lawsuit. That's my point exactly. Only if the lender disagrees. If the lender gives denial, then a lawsuit needs to be filed. And then you have the one-year statute. You're past your time. Precisely what are you asking us to do? Tell me from A to Z, what are you asking us to do with your case? Issue an order that states that the three-year statute of repose extinguishes the right only if the right is not — if the borrower has not notified the lender. But if the borrower has notified the lender, then the one-year statute of limitation starts, as you said in McGill, upon either one, notice of denial by the lender, or two, if no response comes back from the lender, one year and 21 days. And so did you file within that one year and 21 days? That is a statute of limitations we're talking about under 1640, and it can be told. What's the answer? You didn't. That is correct. So where does that leave you? We were told. But has anybody decided that yet totally? No. So what are you asking us to do on that? I'm asking you to — Send it back. — overrule the court's dismissal of the case. And remand it to see if the time was told, so — No. I think that we have — we have met the burden of us on a motion to dismiss by the allegations in our pleading stating that it's been told. The allegation that it was told is enough in your view? Yes, for a motion to dismiss. All right. Thank you very much. Thank you. The case of McCombie Gray v. Bank of America is submitted. And the court will stand in recess until tomorrow morning at 9 o'clock.
judges: Pallmeyer, Trott, Bea